**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MATTHEW TRAVIS HOUSTON,

Plaintiff,

v.

JAMES DZURENDA, et al.,

Defendants.

Case No. 2:25-cv-02159-ART-NJK

**ORDER**

[Docket Nos. 1, 38, 39]

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner and an application to proceed *in forma pauperis* for an inmate. Docket Nos. 1-1, 1. However, according to the Nevada Department of Corrections inmate database, Plaintiff has been discharged. Therefore, the Court will deny Plaintiff's application to proceed *in forma pauperis* for inmates as moot. The Court directs Plaintiff to file an application to proceed *in forma pauperis* by a non-prisoner, or pay the full filing fee of $405, on or before **June 10, 2026**.

Plaintiff has not provided an updated address to the Court. Under Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." LR IA 3-1. Over the weekend, Plaintiff left a voicemail with the Court in which he referred to some potential emergency motions and stated that his business address is currently Suite 300 at the Plaza Casino. The Court will, as a one-time courtesy, send a copy of this order to the business address that Plaintiff provided by phone. However, Plaintiff must file written confirmation of his current mailing address on or before **June 10, 2026**. The Court also notes that Plaintiff cannot contact the Court or request any relief from the Court by phone. If Plaintiff seeks any relief from the Court, he must file his request via a written motion.

1

On April 10, 2026, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A. Docket No. 36. The Court dismissed the complaint without prejudice and with leave to amend within 30 days. Following the Court's order, Plaintiff filed a motion titled "Motion for Enlargement of Time to File Amended Complaint and Hearing Requested." Docket No. 38. The body of the motion is a grievance form requesting an application for a pardon. *Id.* It contains no information whatsoever about Plaintiff's request for an extension or a hearing. *Id.*

Plaintiff filed a second motion titled "Motion for Leave to file 'Amended Complaint' and/or Motion for Enlargement of Time to File his 'Amended' and/or 'First Amended Complaint.' 'Hearing Requested.'" Docket No. 39. The body of the motion is a 4-page complaint filed in Nevada State Court in July 2017. *Id.* The complaint, which is almost 9 years old, appears to bring negligence claims against Mandalay Bar Corp. and hundreds of Doe and Roe corporations. *Id.* It does not appear to bring any federal claims. *Id.* Plaintiff also filed roughly 75 additional pages of seemingly random documents, without any explanation. Docket Nos. 39, 39-1, 39-2, 39-3. To the extent that Plaintiff is requesting that the Court accept his 9-year-old state court complaint, which does not include any federal claims, as the operative complaint in this case, his request is denied. If Plaintiff wishes to pursue state court claims, he may do so in state court. If Plaintiff wishes to pursue any claims in federal court, he must file an amended complaint stating colorable claims under federal law, as specified in the Court's screening order.

Plaintiff has not provided any basis or explanation in either of his motions for his requests for an extension to file an amended complaint. In light of Plaintiff's *pro se* status, the Court will grant him an extension of time until **June 10, 2026**, to file an amended complaint. However, absent unusual circumstances, the Court does not anticipate granting any further extensions.

As for Plaintiff's requests for a hearing, this case is currently at a pre-screening stage. No hearings are necessary or appropriate at this time. Therefore, Plaintiff's requests for a hearing are denied without prejudice.

. . . .

. . . .

. . . .

For the foregoing reasons, **IT IS ORDERED** that:

1.      Plaintiff's application to proceed *in forma pauperis* for inmates, Docket No. 1, is **DENIED** as moot.

2.      No later than **June 10, 2026**, Plaintiff must either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $405.

3.      The Clerk of the Court is directed to send Plaintiff the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as instructions for the same.  The Clerk of the Court is further directed to send a courtesy copy of this order, as well as the approved form application to proceed *in forma pauperis* by a non-prisoner and instructions for the same, to Plaintiff at Suite 300 at the Plaza Casino.

4.      No later than **June 10, 2026**, Plaintiff must file his updated address with the Court.

5.      Plaintiff's requests for an extension of time to file an amended complaint (Docket Nos. 38, 39) are **GRANTED**.  The Court extends the deadline for Plaintiff to file an amended complaint until **June 10, 2026**.

6.      Plaintiff's requests for a hearing are **DENIED**.  Docket Nos. 38, 39.

7.      To the extent that Plaintiff is requesting that the Court accept his 9-year-old state court complaint as the operative complaint in this case, Docket No. 39, that request is **DENIED**.

8.      If Plaintiff fails to comply with this order, this action will be subject to dismissal without prejudice.

IT IS SO ORDERED.

DATED:  May 11, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

3