UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON, Plaintiff, v. JAMES DZURENDA, et al., Defendants. | Case No. 2:25-cv-02159-ART-NJK ORDER |

Plaintiff Matthew Travis Houston brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered. (ECF No. 1-1.) On April 10, 2026, this Court ordered Houston to file an amended complaint within 30 days. (ECF No. 36.) The Court warned Houston that the action could be dismissed if he failed to file an amended complaint by that deadline. (*Id.* at 10.)

Following the Court's order, Houston filed a motion titled "Motion for Enlargement of Time to File Amended Complaint and Hearing Requested." (ECF No. 39.) On May 11, 2026, the Court extended the deadline for Houston to file an amended complaint until June 10, 2026, and denied his request for a hearing. (ECF No. 40.) The Court also directed Houston to file his current address with the Court and file an application to proceed *in forma pauperis* for non-prisoners. (*Id.*)

Houston paid the filing fee in full, filed an application to proceed *in forma pauperis*, and filed a document titled "Response to Order." (ECF Nos. 42, 43, 44.) In light of Houston paying the filing fee, the Court denied his application to proceed *in forma pauperis* as moot. (ECF No. 47.) Houston did not file an updated address; however, he listed 3400 Paradise Rd. #191; Las Vegas, NV 89169 as his return address on his Response to Order, and the Court construed this as Houston's current address. (*Id.*) In his Response to Order, Houston again requested a hearing, as well as an extension to file an amended complaint. (ECF

No. 43.) On July 20, 2026, the Court extended the deadline for Houston to file an amended complaint until August 19, 2026. (ECF No. 47.) The Court again warned Houston that this case would be subject to dismissal if he did not file an amended complaint by that extended deadline. (*Id.*) That deadline expired, and Houston did not file an amended complaint, move for an extension, or otherwise respond.

## I. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Houston's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or

prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Because this action cannot realistically proceed until and unless Houston files an amended complaint, the only alternative is to enter a fourth order setting a fourth deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources.

The circumstances here do not indicate that this case will be an exception. The Court has already given Houston three extensions to file an amended complaint. Either Houston received the Court's most recent order, and he ignored it, or he is not receiving mail at the return address that he used for his most recent filing. If Houston is not receiving mail at that address, he is unlikely to receive another order issued by the Court. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Houston's failure to file an amended complaint in compliance with this Court's April 10, 2026, May 11, 2026, and July 20, 2026, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. If Houston wishes to pursue his claims, he must file a complaint in a new case.

DATED: September 25, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE